UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| **TIMOTHY MCGOVERN** : | Case No. 3:18-cv-2506 |
| c/o Gerhardstein & Branch, Co. LPA : | |
| 441 Vine St. Suite 3400 : | |
| Cincinnati, OH 45202 : | Judge |
| : | |
| **Plaintiff,** : | |
| : | **COMPLAINT AND JURY DEMAND** |
| v. : | |
| : | |
| **LUCAS COUNTY, OHIO,** and **THE** : | |
| **LUCAS COUNTY BOARD OF** : | |
| **COMMISSIONERS** : | |
| **One Government Center** : | |
| **Suite 800** : | |
| **Toledo, Ohio 43604** : | |
| : | |
| and : | |
| : | |
| **LAMONTE HOBBS,** *individually and in his* : | |
| *official capacity as a former employee of* : | |
| *Lucas County, Ohio* : | |
| **1942 West Sylvania Ave.** : | |
| **Toledo, Ohio 43613,** : | |
| : | |
| and : | |
| : | |
| **NATE MEYERS,** : | |
| **MATTHEW GRANT,** : | |
| **OLIVER WATKINS,** : | |
| **MARK GRUMPF,** : | |
| *individually and in their official capacities as* : | |
| *employees of Lucas County, Ohio,* : | |
| **1622 Spielbusch Avenue** : | |
| **Toledo, Ohio 43604,** : | |
| : | |
| **Defendants.** : | |

1

## I. PRELIMINARY STATEMENT

1.      This civil rights case challenges the gratuitous and excessive force used by Defendants Lamonte Hobbs and Matthew Grant against Plaintiff Timothy McGovern. On November 10, 2017 at approximately 5:30 a.m., Mr. McGovern was in a holding cell at the Lucas County Jail. Mr. McGovern asked corrections officer Hobbs for a phone. CO Hobbs denied the request and Mr. McGovern expressed his displeasure as he walked away. CO Hobbs then grabbed Mr. McGovern by the collar and yanked him backwards onto the ground, where he proceeded to choke him. Defendants Nate Meyers, Matthew Grant, Oliver Watkins, and Sgt. Mark Grumpf responded. Defendant Grant slammed Mr. McGovern's head into the concrete floor and pinned his head down with all his body weight as the other officers did nothing to stop him. This use of excessive and gratuitous force was captured on video, copies of which are incorporated in this complaint and attached as Exhibits A, B, and C.[1] Plaintiff seeks fair compensation for his injuries and hopes through this lawsuit to ensure that no other persons are subject to such attacks.

## II. JURISDICTION

2.      Jurisdiction over claims arising from Defendants' violation of the Civil Rights Act is conferred upon this Court by 28 U.S.C. §§ 1331, 1343 (3) and (4).

---

[1] The use of force occurs at 8:00 into the videos, however this complaint refers to events occurring both before and after that point. Many civil complaints are now challenged as failing to state a claim under *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell-Atlantic v. Twombly*, 550 U.S. 544 (2007). In response to such motions plaintiffs must demonstrate that the allegations are "plausible." *Iqbal*, 556 U.S at 678; *Twombly*, 550 U.S. at 570. There is no better way to demonstrate the plausibility of a fact than a video of the events in question. *See e.g.*, *Scott v. Harris*, 550 U.S. 372, 381 (2007) (videotape controlled over contradicting testimony); *Marvin v. City of Taylor*, 509 F. 3d 234, 239 (6th Cir. 2007) (same); *McGee v. City of Cincinnati Police Dept.*, No. 1:06-CV-726, 2007 WL 1169374, at *1 (S.D. Ohio Apr. 18, 2007) (court considered cruiser cam footage to rule on FRCP 12(b)(6) because it was a public record); *Bogie v. Rosenberg*, 705 F.3d 603, 608-609 (7th Cir. 2013) (to decide FRCP 12(b)(6) motion, court found that considering video attached to complaint made "eminently good sense" because "video show[ed] in real time the content and context of the alleged wrongs").

3. Jurisdiction over the state law claim is conferred upon this Court by 28 U.S.C. § 1367.

4. Venue is proper in this Division.

### III. PARTIES

5. Plaintiff McGovern was at all times relevant to this action a resident of Lucas County, Ohio.

6. Defendant Lucas County, Ohio, is a unit of local government organized under the laws of the State of Ohio. Defendant is a "person" under 42 U.S.C. § 1983 and at all times relevant to this case acted under color of law.

7. Defendant Lamonte Hobbs was at all times relevant to this action an employee of Lucas County, Ohio, working as a corrections officer for the Lucas County Sheriff's Office. Defendant is a "person" under 42 U.S.C. § 1983 and at all times relevant to this case acted under color of law. He is sued in both his individual and official capacities.

8. Defendant Nate Meyers was at all times relevant to this action an employee of Lucas County, Ohio, working as a corrections officer for the Lucas County Sheriff's Office. Defendant is a "person" under 42 U.S.C. § 1983 and at all times relevant to this case acted under color of law. He is sued in both his individual and official capacities.

9. Defendant Matthew Grant was at all times relevant to this action an employee of Lucas County, Ohio, working as a corrections officer for the Lucas County Sheriff's Office. Defendant is a "person" under 42 U.S.C. § 1983 and at all times relevant to this case acted under color of law. He is sued in both his individual and official capacities.

10. Defendant Oliver Watkins was at all times relevant to this action an employee of Lucas County, Ohio, working as a corrections officer for the Lucas County Sheriff's Office.

Defendant is a "person" under 42 U.S.C. § 1983 and at all times relevant to this case acted under color of law. He is sued in both his individual and official capacities.

11. Defendant Mark Grumpf was at all times relevant to this action an employee of Lucas County, Ohio, working as a sergeant for the Lucas County Sheriff's Office. Defendant is a "person" under 42 U.S.C. § 1983 and at all times relevant to this case acted under color of law. He is sued in both his individual and official capacities.

12. Defendant Sheriff John Tharp was at all times relevant to this action an Ohio law enforcement officer and the duly elected sheriff of Lucas County, Ohio. Defendant is a "person" under 42 U.S.C. § 1983 and at all times relevant to this case acted under color of law. He is sued in both his individual and official capacities. He was a county policy maker with respect to customs, practices, policies, and procedures at the Lucas County Jail.

## IV. FACTS

13. At approximately 2:00 a.m. on November 10, 2017, Mr. McGovern was arrested for misdemeanor offenses by Toledo police officers and brought to the Lucas County jail.

14. After being booked into the jail, Mr. McGovern was placed in a holding cell with more than 10 other inmates.

15. At approximately 5:30 a.m., defendant corrections officer Lamonte Hobbs escorted an inmate into the holding cell. As that inmate was entering the cell, Mr. McGovern came to the open cell door.

16. Mr. McGovern asked CO Hobbs if he could make a phone call.

17. CO Hobbs told him that he could not help Mr. McGovern.

18. Frustrated, Mr. McGovern displayed his middle finger towards CO Hobbs and said "fuck you" as he turned and walked back into the cell.

19. CO Hobbs threw open the cell door and lurched towards Mr. McGovern.

20. Mr. McGovern was two or three steps back inside the cell when CO Hobbs grabbed him by the back of his collar and violently jerked him backwards and down to the ground.

21. CO Hobbs then put his arm around Mr. McGovern's neck in a chokehold until other officers responded.

22. Defendant officers Nate Meyers, Matthew Grant, Oliver Watkins, and Sgt. Mark Grumpf arrived at the scene within 10 seconds.

23. Officer Grant placed his knee on Mr. McGovern's head pinning it to the floor. He then removed his knee and slammed Mr. McGovern's head onto the concrete floor two times with his hands. Then he forcibly pushed Mr. McGovern's head into the ground while Mr. McGovern was handcuffed by officer Meyers. Officer Grant forcibly kneeled on, slammed, and pushed Mr. McGovern's head into the concrete floor for a total of 25 seconds.

24. At no time did Mr. McGovern try to harm anyone with his head, try to spit on anyone, or even move his head in a remotely threatening manner.

25. Neither officers Meyers, Watkins, Hobbs, nor Sgt. Grumpf tried to stop officer Grant from using force on Mr. McGovern's head.

26. While this was happening, Mr. McGovern was saying, "I'm not resisting," and his hands were in plain sight flat on the ground.

27. Mr. McGovern did not resist COs Hobbs, Meyers, Watkins, Hobbs, or Sgt. Grumpf.

28. Mr. McGovern never threatened COs Hobbs, Meyers, Watkins, Hobbs, or Sgt. Grumpf.

29. There was no need for CO Hobbs or any other officer to use force on Mr. McGovern.

30. A chokehold is considered deadly force.

31. There was no need for CO Hobbs to use deadly force on Mr. McGovern.

32. Minutes after the use of force, CO Hobbs told his fellow officers what happened. He told them: "I said he not going to get a phone call. So then he turned, put his finger up, 'fuck me' in my face." CO Hobbs showed his fellow officers how Mr. McGovern displayed his middle finger.

33. When CO Hobbs wrote his report during his next shift, he had multiple lies within his report, including that Mr. McGovern called him a "nigger." CO Hobbs did not report this allegation when recreating the event for his fellow officers just after the incident.

34. CO Hobbs was fired for using excessive force and lying in his report. He also was criminally convicted of assault.

35. Of the officers who used force or were present, only CO Hobbs, CO Meyers and Sgt. Grumpf wrote reports. None of them identified the officer who slammed Mr. McGovern's head into the ground. None of them even reported that Mr. McGovern's head had been slammed and pinned against the concrete floor.

36. The officer who slammed and pinned Mr. McGovern's head was never identified or disciplined as part of the investigation.

37. Neither CO Hobbs, Watkins, Meyers, nor Sgt. Grumpf did anything to intervene and protect Mr. McGovern from CO Grant slamming and pinning his head to the concrete floor for 25 seconds.

38. Sheriff John Tharp was the final policy maker for Lucas County regarding whether to discipline the officers involved in this use of force, whether any of them violated County policies, whether they used excessive force, and whether they failed to protect Mr. McGovern.

39. Only CO Hobbs was disciplined for his actions. The other officers were not.

40. At CO Hobbs' criminal trial he testified that he violated the Lucas County Sheriff's written use of force policy. However, he testified that he was operating within an unwritten Lucas County policy that allowed him to use force in response to an inmate being disrespectful.

41. CO Hobbs testified that using force in this situation was "business as usual."

42. Sheriff Tharp, in his official and individual capacities as the Lucas County Sheriff, became responsible for the excessive and gratuitous force used against Timothy McGovern when he failed to meaningfully investigate CO Grant's actions, failed to discipline CO Grant and the officers who did not intervene to protect Mr. McGovern from CO Grant, and thus ratified the conduct of COs Grant, Watkins, Meyers, and Sgt. Grumpf.

43. Lucas County failed to properly train and supervise CO Hobbs on its use of force policy. When asked during the internal interview whether he understood the use of force policy he said, "I can't say." His testimony that he was acting within an unwritten policy is evidence he was not properly trained or supervised.

44. CO Hobbs had a pattern of using excessive force on inmates and was never disciplined or retrained for these uses of excessive force until this incident. His supervision was inadequate.

45. Defendant Lucas County's policies, practices, customs, and usages regarding use of force was a moving force behind the excessive force used on Mr. McGovern by the defendant corrections officers in this case. Specifically, County policy and training encouraged officers including the defendant officers to engage in excessive force to secure disrespectful but non-violent inmates.

46. Defendants acted recklessly, wantonly, willfully, knowingly, intentionally and with deliberate indifference to the safety and rights of Timothy McGovern.

47. Mr. McGovern was in pain, bloody, and swollen after the assault. Mr. McGovern was seen by a nurse who treated him for his injuries. After being released from jail, Mr. McGovern was diagnosed with post-concussion syndrome at a local hospital. The entire experience was terrifying and has caused him severe emotional distress.

## V.  FIRST CAUSE OF ACTION – 42 U.S.C. § 1983

48. The Defendants, have, while acting under color of law, deprived Plaintiff of his rights, privileges, and immunities secured to him by the United States Constitution, including the prohibition on excessive force and due process as contained in the Fourth and Fourteenth Amendments.

49. Defendants Lamonte Hobbs, Nate Meyers, Oliver Watkins, and Sgt. Mark Grumpf failed to intervene and stop the excessive force used upon Mr. McGovern by CO Grant.

50. Defendant Lucas County's policies, practices, customs, and usages regarding use of force, training and supervision were a moving force behind the violation of Mr. McGovern's Constitutional rights. Lucas County also ratified the violations of Mr. McGovern's constitutional rights by COs Grant, Meyers, Watkins, and Sgt. Grumpf.

## VI.  SECOND CAUSE OF ACTION – ASSAULT AND BATTERY

51. Defendants Lamonte Hobbs and Matthew Grant acted intentionally and maliciously to cause harmful or offensive contact with Timothy McGovern and harmful contact resulted, causing him injuries.

## VII.  THIRD CAUSE OF ACTION – NEGLIGENCE/RECKLESSNESS

52. Defendants Lamonte Hobbs, Nate Meyers, Matthew Grant, Oliver Watkins, and Sgt. Mark Grumpf had a duty of reasonable care towards Mr. McGovern and they breached that duty causing him injuries.

53. In breaching their duty, they acted or failed to act with malicious purpose, in bad faith, or in a wanton or reckless manner.

## VIII. JURY DEMAND

54. Plaintiff hereby demands a trial by jury of all issues triable by a jury.

## IX. PRAYER FOR RELIEF

WHEREFORE, plaintiff demands that this Court award him:

A. Compensatory damages in an amount to be shown at trial;

B. Punitive damages against the individual defendants (not the County) in an amount to be shown at trial;

C. Costs incurred in this action and reasonable attorney's fees; and

D. Such additional relief as the Court deems just and proper.


Respectfully submitted,

/s/Adam G. Gerhardstein
Jennifer L. Branch (0038893)                    Robert W. Bohmer (0063419)
Trial Attorney for Plaintiff
Alphonse A. Gerhardstein (0032053)

| | |
|---|---|
| Adam G. Gerhardstein (0091738) | RUPP, WESCHE, HAGANS, |
| Attorneys for Plaintiff | BOHMER, NEWTON & |
| GERHARDSTEIN & BRANCH CO. LPA | HARMON, LLP |
| 441 Vine Street, Suite 3400 | 302 N. Defiance Street |
| Cincinnati, Ohio 45202 | P.O. Box 178 |
| Tel (513) 621-9100 | Archbold, Ohio 43502 |
| Fax (513) 345-5543 | Phone: 419.445-8815 |
| agerhardstein@gbfirm.com | Fax: 419.445-1080 |
| jbranch@gbfirm.com | robert@northwestohiolaw.com |
| adamgerhardstein@gbfirm.com | |

10