# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | | |
|---|---|---|
| **Timothy McGovern,** | : | Case No. 3:18-cv-2506 |
| | : | |
| Plaintiff, | : | Judge: Jeffery J. Helmick |
| v. | : | |
| | : | **PLAINTIFF'S MOTION FOR** |
| **Lucas County, Ohio et al.,** | : | **PARTIAL SUMMARY JUDGMENT** |
| | : | **AGAINST DEFENDANT LAMONTE** |
| Defendants. | : | **HOBBS AND MEMORANDUM IN** |
| | : | **SUPPORT** |

Plaintiff moves, pursuant to Fed. R. Civ. Proc. 56(a) of the Federal Rules of Civil Procedure, for Partial Summary Judgment against Defendant Lamonte Hobbs on the claims of excessive force under the Fourth and Fourteenth Amendments and the state tort of battery.

## MEMORANDUM

### I.    INTRODUCTION

On November 10, 2017, Defendant Lamonte Hobbs used force against Plaintiff Timothy McGovern after Mr. McGovern raised his middle finger at Defendant Hobbs. Hobbs grabbed the Plaintiff as he walked away and took him violently to the floor. Plaintiff suffered the violation of his person, the pain of the assault, and injuries he received as a result of the use of force. Following the violent altercation, Defendant Hobbs was investigated and ultimately criminally charged with assault. Following trial, he was convicted of assault under O.R.C. § 2901.13(A) and (C)(1). On October 30, 2018, Plaintiff McGovern filed a civil suit for claims against several Defendants, including Defendant Hobbs, alleging violations of his right to be free from excessive force under the Fourth and Fourteenth Amendments of the United States Constitution, assault and battery, and negligence. (Doc. 1; Doc. 4.) Because the facts and issues necessary to resolve the battery and excessive force claims against Defendant Hobbs were actually and directly

litigated by a court of competent jurisdiction during Defendant Hobbs' criminal trial, they are barred by collateral estoppel from being religitated in this case and as a result, there are no genuine disputes of material facts. These claims can be resolved now, as a matter of law.

## II. STATEMENT OF UNCONTESTED FACTS

1. Timothy McGovern was arrested on November 10, 2017. Attachment A, Lamonte Hobbs Trial Transcript, at GB311.[1]

2. Following his arrest, Timothy McGovern was booked into the Lucas County Corrections Center. Attachment A, Lamonte Hobbs Trial Transcript, at GB311.

3. After booking, Mr. McGovern asked to use the phone. Defendant Hobbs told him to use the phone in the cell. Mr. McGovern raised his middle finger at Hobbs and said, "fuck you." Mr. McGovern turned around and walked away from Defendant Hobbs. Doc. 1-2, Lucas County Corrections Center video Exhibits A, B, and C (Exhibit 7 at criminal trial); Attachment A, Lamonte Hobbs Trial Transcript, at GB313-314, GB432-433.

4. In Defendant Hobbs' report following his use of force, he states that "I then grabbed inmate by his left arm and shoulder to escort him to single #7." "Inmate McGovern began to resist my escort and was taken to the ground and handcuffed for officer safety." Attachment B, Lamonte Hobbs Incident Report (Exhibit 6 at criminal trial).[2] This report was not truthful. Attachment A, Lamonte Hobbs Trial Transcript, at GB438.

5. The video of the altercation clearly shows Defendant Hobbs reach for Plaintiff McGovern's retreating body. He had to take multiple steps to get close enough to grab Mr. McGovern. Hobbs then grabbed him by the back of the collar and pulled him to the ground. On the ground, partially on top of Mr. McGovern, Defendant Hobbs wrapped his

---

[1] A certified copy of the criminal transcript will be filed as soon as available.
[2] A certified copy of the exhibit will be filed as soon as available.

left arm around Mr. McGovern's neck. Doc. 1-2, Lucas County Corrections Center video Exhibits A, B, and C (Exhibit 7 at criminal trial).

6. As Defendant Hobbs tightened his arm around Mr. McGovern's neck, he yelled "Don't fucking grab at me." Mr. McGovern never grabbed at Defendant Hobbs, nor any other person. Doc. 1-2, Lucas County Corrections Center video Exhibits A, B, and C (Exhibit 7 at criminal trial).

7. At the time Defendant Hobbs used force against Mr. McGovern, Mr. McGovern posed no threat of any kind to Defendant Hobbs or to anyone else. Attachment A, Lamonte Hobbs Trial Transcript, at GB456, 461, 462, 482, 483, 538.

8. Mr. McGovern did not resist Defendant Hobbs. Attachment A, Lamonte Hobbs Trial Transcript, at GB291, 315, 350, 361-362, 416, 538.

9. While Mr. McGovern was on the ground underneath Defendant Hobbs who was grabbing him by the neck, his movements were limited to raising his head slightly. His arms were visibly stretched out to his sides. He repeatedly yelled "I'm not resisting." Doc. 1-2, Lucas County Corrections Center video Exhibits A, B, and C (Exhibit 7 at criminal trial).

10. Defendant Grant and Meyers took over and Defendant Hobbs got off of Mr. McGovern. Defendants Grant and Meyers handcuffed Mr. McGovern and he was placed in a single cell. Doc. 1-2, Lucas County Corrections Center video Exhibits A, B, and C (Exhibit 7 at criminal trial).

11. Following the encounter, Mr. McGovern was treated by a nurse for abrasions. Attachment A, Lamonte Hobbs Trial Transcript, at GB402, 464.

12. After reviewing video of the incident, Lieutenant Todd Reed referred the use of force to Internal Affairs. Attachment A, Lamonte Hobbs Trial Transcript, at GB292.

13. A criminal investigation was also opened. Detective Lieutenant Dave Carter completed the investigation. Attachment A, Lamonte Hobbs Trial Transcript, at GB348-349.

14. Defendant Hobbs had multiple charges sustained against him for violating Lucas County policy and was terminated from his employment as a result. Attachment A, Lamonte Hobbs Trial Transcript, at GB452-453.

15. On June 25, 2018, Defendant Lamonte Hobbs' criminal trial began in the Lucas County Court of Common Pleas. Attachment A, Lamonte Hobbs Trial Transcript, at GB272.

16. During the bench trial, Judge Stacy Cook heard three days of testimony. Plaintiff McGovern and Defendant Hobbs both testified, as did Sergeant Mark Gumpf, the sergeant in charge of booking at the time of the incident, as well as Lieutenant Todd Reed, who investigated the incident for Lucas County, Detective Dave Carter, who performed the criminal investigation, and Deputy Damon Smith, who testified regarding officer training. Attachment A, Lamonte Hobbs Trial Transcript, at GB273, 278-279, 347-348, 390-392, 478-479.

17. The only resistance alleged by Defendant Hobbs took place after he initiated contact with Plaintiff McGovern. Attachment A, Lamonte Hobbs Trial Transcript, at GB448.

18. At trial, Defendant Hobbs admitted that he acted contrary to Lucas County's use of force policy. Attachment A, Lamonte Hobbs Trial Transcript, at GB433-434. He testified that while he did not follow the use of force policy, he was using the discretion given to him by unwritten policy to remove an "uncooperative, disrespectful inmate." *Id*., at GB434.

19. On June 28, 2018, the court found Defendant Hobbs guilty of assault under O.R.C. § 2903.13(A) and (C)(1). Attachment A, Lamonte Hobbs Trial Transcript, at GB536-539; Attachment L, Judgment Entry.

20. The court found that:

- Timothy McGovern was walking away from Defendant Hobbs when Hobbs used force against him. Attachment A, Lamonte Hobbs Trial Transcript, at GB537.
- Defendant Hobbs' level of intent in his actions "was knowingly and purposeful." The court found that he "had the purposeful intent to cause [himself] to have physical contact with" Mr. McGovern. Attachment A, Lamonte Hobbs Trial Transcript, at GB538.
- Defendant Hobbs had no privilege justifying his contact with the Plaintiff. The court stated that "there was no defense to" his acts. Attachment A, Lamonte Hobbs Trial Transcript, at GB538. Specifically, it was not made in "self-defense," nor "defense of others," nor to prevent destruction of property. *Id*. It did not have "any of the protections that are normally given to a corrections officer in the areas of which he's allowed to normally have contact with inmates." *Id*.
- Plaintiff McGovern was harmed by the contact. Attachment A, Lamonte Hobbs Trial Transcript, at GB538.

III. ARGUMENT

A. <u>**Standard for Summary Judgment**</u>

A party moving for summary judgment must show that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "[T]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986). A genuine issue for trial exists when "there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." *Id*. In undertaking this analysis,

the Court must view the evidence in a light most favorable to the non-moving party. *Scott v. Harris*, 550 U.S. 372, 378 (2007).

The party moving for summary judgment bears the burden of establishing the nonexistence of any issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). They can meet this burden by "citing to particular parts of materials in the record" or "showing that the materials cited do not establish the . . . presence of a genuine dispute." Fed. R. Civ. P. 56(c)(1). This burden can also be met by demonstrating that the nonmoving party "fail[ed] to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322.

### B. <u>Collateral Estoppel Necessarily Resolves Defendant Hobbs' Liability for Battery and Excessive Force</u>

In this case, all of the material facts and issues necessary to resolve the claims of battery and excessive force by Defendant Lamonte Hobbs have already been actually and directly litigated in his criminal trial. Relitigation of those facts and issues is barred by collateral estoppel. As a result, there is no genuine dispute of material facts and these claims can be decided now, as a matter of law.

#### i. <u>Collateral Estoppel Bars Relitigation of all Facts and Issues Decided by the Lucas County Court of Common Pleas in Lamonte Hobbs' Criminal Trial</u>

Federal courts apply state law to determine whether collateral estoppel applies. *Daubenmire v. City of Columbus*, 507 F.3d 383, 389 (6th Cir. 2007). Under Ohio law, collateral estoppel applies "'when the fact or issue (1) was actually and directly litigated in the prior action, (2) was passed upon and determined by a court of competent jurisdiction, and (3) when the party against whom collateral estoppel is asserted was a party in privity with a party to the prior action.'" *Id*. (quoting *Thompson v. Wing*, 70 Ohio St.3d 176, 637 N.E.2d 917, 923 (1994)). This

is regularly invoked to bar plaintiffs from making a subsequent challenge to an earlier probable cause finding in a later constitutional case. See *Daubenmire*, 507 F.3d at 390; *Bolden v. City of Euclid*, 595 F.App'x. 464, 469 (6th Cir. 2014) (barring plaintiff from challenging existence of probable cause for purposes of Fourth Amendment claim).

While less common in the civil rights context, due to the rarity of criminal convictions against police and corrections officers for the use of force, the Supreme Court of Ohio uses the same analysis when a plaintiff seeks to use collateral estoppel offensively against a defendant. See *Hicks v. De La Cruz*, 52 Ohio St.2d 71, 75 (1977) (using collateral estoppel against a defendant where defendant was a party with full representation in initial action and defendant was accorded a full and fair day in court in that proceeding); *Howell v. Richardson*, 45 Ohio St.3d 365, 368 (1989) (using collateral estoppel against a defendant to preclude relitigation of culpable mental state); *Fort Frye Teachers Ass'n, OEA/NEA v. State Employment Relations Bd.*, 81 Ohio St.3d 392, 397 (1998) (barring relitigation of defendant school's motivation in choosing not to renew teacher's contract).

Additionally, the fact that the prior action was criminal does not impact the analysis. "[A]n issue conclusively determined in a criminal case may have preclusive effect in a later civil case." *Frank v. Simon*, 6th Dist. Lucas No. L-06-1185, 2007-Ohio-1324 ¶ 14. "A criminal conviction is conclusive proof and operates as an estoppel on defendants as to the facts supporting the conviction in a subsequent action" so long as the facts were "directly put in issue and directly determined in the criminal prosecution." *Wloszek v. Weston, Hurd, Fallon, Paisley & Howley, LLP*, 8th Dist. Cuyahoga No. 82412, 2004-Ohio-146 ¶ 40 (internal citations omitted). See also *Houser v. Pond*, 9th Dist. Summit No. 21887, 2004-Ohio-4578 (collateral estoppel barred civil action for legal malpractice following unsuccessful ineffective assistance of counsel

petition in criminal case). Collateral estoppel is being asserted here against Defendant Hobbs based on his state criminal conviction in *State of Ohio v. Lamonte Hobbs*. Case No. CR0201703023. Defendant Hobbs was a party in that case, namely he was the defendant. As defendant, he was a party to the prior action and had a "full and fair day in court in that proceeding." *Hicks*, 52 Ohio St.2d at 75. Any facts or issues litigated therein were passed upon and determined by a court of competent jurisdiction, namely the Court of Common Pleas of Lucas County, Ohio. Thus, collateral estoppel can be used against Defendant Hobbs to bar relitigation of any fact or issue actually and directly litigated in that case. Thus, the question before this court is what facts and issues were actually and directly litigated.

In his criminal case, the court found Defendant Hobbs guilty of assault under O.R.C. § 2903.13(A) and (C)(1). In so doing, it specifically found that Lamonte Hobbs "knowingly cause[d]… physical harm to" Timothy McGovern. The court found that his act "was knowingly and purposeful." Attachment A, Lamonte Hobbs Trial Transcript, at GB000537. It found that Timothy McGovern was in fact harmed by Defendant Hobbs. *Id*. at GB000538. It also found that there was no defense to Defendant Hobbs' acts. *Id*. These issues were actually and directly litigated and cannot be relitigated here.

When evaluating the application of collateral estoppel across civil and criminal cases, it is important to analyze the exact facts and issues at hand because the standards that apply are often different. Where the applicable standards are different, collateral estoppel will not bar litigation of a fact or issue because the issue has not been actually or directly litigated. In *Sanders v. Nationwide Mut. Ins. Co.*, 8th Dist. Cuyahoga No. 95228, 2011-Ohio-1933 ¶ 44, an insurance case, the court found that intent had never been litigated because the standard used to determine whether a criminal defendant was capable of forming the requisite intent to commit a crime was

different than the standard used to determine whether an insured lacked the mental capacity to commit an intentional act. Because the issue had not been litigated, collateral estoppel did not bar litigation of the issue of intent. *Id*.

However, when the fact or issue was actually and directly litigated, collateral estoppel will bar relitigation of that fact or issue. See *TJX Cos., Inc. v. Hall*, 183 Ohio App.3d 236, 2009-Ohio-3372, ¶¶ 25-26 (8th Dist.) (following convictions for receiving stolen property and money laundering, defendant was precluded by collateral estoppel from denying participation in fraud enterprise that proximately caused injury and as a result, was jointly and severally liable); *State Farm Fire and Cas. Co. v. Harpster*, 8th Dist. Cuyahoga No. 90012, 2008-Ohio-3357 ¶¶ 45-49 (estopped from arguing that act was accidental for purposes of insurance coverage as a result of guilty plea for crime with mental state of knowingly); *Frank v. Simon*, 6th Dist. Lucas No. L-1185, 2007-Ohio-1324 ¶ 15 (collateral estoppel barred litigation of the color of the traffic light when the plaintiff entered the intersection in lawsuit over auto accident because it was fully litigated in criminal trial for red light violation); *Wloszek v. Weston, Hurd, Fallon, Paisley & Howley, LLP*, 8th Dist. Cuyahoga No. 82412, 2004-Ohio-146, ¶ 40-42 (criminal conviction estopped defendant from denying liability in malpractice action); *Rhinebolt v. Rhinebolt*, 5th Dist. Delaware No. 09CAF03-0032, 2009-Ohio-5546 ¶ 16 (fraudulent withdrawal of funds from account was actually and directly litigated in criminal proceeding and so it had preclusive effect); *Persaud v. St. John Medical Center*, 8th Dist. Cuyahoga No. 105402, 2017-Ohio-7178 ¶¶ 31-33 (convictions for health care fraud and making false statements estopped plaintiff from contesting that he performed unnecessary stenting procedures or that he fraudulently billed for those procedures because issue of whether he performed unnecessary medical procedures and engaged in improper billing practices was same issue in both cases).

Thus, if any of the identified facts and issues actually and directly litigated in the criminal proceeding are the same for showing liability here, Defendant Hobbs is estopped from challenging those determinations of the court.

### ii. Lamonte Hobbs is Liable for the Battery of Timothy McGovern

"A person is subject to liability for battery when he acts intending to cause a harmful or offensive contact, and when a harmful contact results." *Love v. City of Port Clinton*, 37 Ohio St.3d 98, 99 (1988), citing Restatement of the Law 2d, Torts (1965) 25, Section 13. The Restatement defines the level of intent as requiring that "the act must be done for the purpose of causing the contact… or with knowledge on the part of the actor that such contact… is substantially certain to be produced." Restatement of the Law 2d, Torts (1965) 25, Section 13, Comment on Clause (a).

The court found that Defendant Hobbs acted knowingly and purposefully. A person acts "knowingly" in the State of Ohio, when "regardless of purpose… the person is aware that the person's conduct will probably cause a certain result or will probably be of a certain nature." O.R.C. § 2901.22(B). A person acts "purposefully" in the State of Ohio, when "it is the person's specific intention to cause a certain result, or, when the gist of the offense is a prohibition against conduct of a certain nature, regardless of what the offender intends to accomplish thereby, it is the offender's specific intention to engage in conduct of that nature." O.R.C. § 2901.22(A).

When the court issued its decision, Judge Cook said that "[Defendant Hobbs'] had the purposeful intent to cause [himself] to have physical contact with [Mr. McGovern]." Attachment A, Lamonte Hobbs Trial Transcript, at GB000538. This is exactly the standard of intent for purposes of state law battery, which requires that "the act must be done for the purpose of causing the contact." The issue of whether Defendant Hobbs acted for the purpose of causing

the contact has been actually and directly litigated and he did act with sufficient intent to establish liability for state tort battery.

The next element of a battery is that the contact was "harmful or offensive." In *Love*, the Supreme Court of Ohio cites to the Restatement regarding when contact is offensive. "Contact which is offensive to a reasonable sense of personal dignity is offensive contact." *Love*, 37 Ohio St.3d at 99. In that case, the Court found that the acts of subduing and handcuffing were "undoubtedly offensive." *Id*. The Restatement addresses uses of force generally as well, explicitly stating that it is "conduct which invades any of another's interests of personality and thus is, unless privileged, a 'battery,' 'assault,' or 'false imprisonment'." Restatement of the Law 2d, Torts (1965) 25, Section 117. Thus, any use of force is "offensive" unless privileged. The court found that Defendant Hobbs had no privilege justifying his contact with the Plaintiff. It stated that "there was no defense to" his acts. Attachment A, Lamonte Hobbs Trial Transcript, at GB000538. Specifically, it was not made in self-defense, nor defense of others, nor to prevent destruction of property. *Id*. It did not have "any of the protections that are normally given to a corrections officer in the areas of which he's allowed to normally have contact with inmates." *Id*. Thus, his acts were "offensive contact" for the purposes of satisfying the elements of battery.

Finally, the last element is that harmful contact resulted. The court found that Plaintiff McGovern was harmed by the contact. *Id*.

For these reasons, every element of battery has been actually and directly litigated in the prior criminal action and cannot be relitigated. Defendant Hobbs committed battery against Plaintiff and summary judgment must be granted on this claim.

### iii. Lamonte Hobbs is Liable for the Use of Excessive Force Against Timothy McGovern, in Violation of the Fourth and Fourteenth Amendments

In order to state an actionable claim pursuant to 42 U.S.C. § 1983, a plaintiff must establish that: 1) he was deprived of a right established by the Constitution or a federal law; and 2) the defendants, acting under color of law, caused the deprivation. See *Flagg Bros. v. Brooks*, 436 U.S. 149, 155-57 (1978). There is no meaningful question as to whether Defendant Hobbs acted under color of law when he was on duty, acting in his official capacity as a corrections officer at the Lucas County Corrections Center, and used force on an inmate. A "public employee acts under color of state law while acting in his official capacity or while exercising his responsibilities pursuant to state law." *West v. Atkins,* 487 U.S. 42, 50 (1988), citing See, e.g., *Parratt v. Taylor*, 451 U.S. 527, 535–536 (1981); *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 152 (1970); *Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 157, n. 5 (1978).

The key question is whether he deprived Plaintiff McGovern of a right established by the Constitution. A defendant violates the Fourth and Fourteenth Amendments when he purposely or knowingly uses force that is objectively unreasonable against a pretrial detainee. *Kingsley v. Henderson*, 135 S.Ct. 2466, 2473 (2015). This is an objective standard, based on "the perspective of a reasonable officer on the scene." *Id.*, citing *Graham v. Connor*, 490 U.S. 386, 396 (1989). Because it is an objective standard, Defendant Hobbs' asserted belief that he was following policy and his use of force was justified by that policy, even if true, is irrelevant. Only two things matter: whether Defendant Hobbs acted purposely or knowingly and whether Hobbs' use of force was objectively reasonable.

A court of competent jurisdiction has already found that Defendant Hobbs acted "knowingly and purposeful[ly]." Attachment A, Lamonte Hobbs Trial Transcript, at GB538. The remaining question then is whether his acts were objectively reasonable.

It was clearly established on November 10, 2017, that a use of force is unreasonable when the defendant "us[es] gratuitous violence against an individual who poses no threat to the office[r] or anyone else." *Crawford v. Geiger*, 656 F.App'x. 190, 204 (6th Cir. 2016) (internal citations omitted) (applying *Kingsley* to excessive force claim, court denied qualified immunity to sergeant who shoved arrestee who was not resisting). See also *Baker v. City of Hamilton, Ohio*, 471 F.3d 601, 608 (6th Cir. 2006) (use of force unwarranted where "unarmed," "compliant" individual was "not a significant threat" because "[c]ases in this circuit clearly establish the right of people who pose no safety risk… to be free from gratuitous violence"), citing *Shreve v. Jessamine County Fiscal Court*, 453 F.3d 681, 688 (6th Cir. 2006); *Lustig v. Mondeau*, 211 F.App'x. 364, 371 (6th Cir. 2006) (use of force against plaintiff who "posed no threat to safety, did not attempt to flee, offered at most passive resistance… and was already under the officers' physical control" was objectively unreasonable); *Lawler v. City of Taylor*, 268 F.App'x. 384, 386-388 (6th Cir. 2008) (arrestee tackled during booking after calling officer a "pussy" had clearly established right to be free from use of force where there is no perceived threat); *Harris v. City of Circleville*, 583 F.3d 356, 367 (6th Cir. 2009) (clearly established right precluding the use of violent physical force against someone who has been subdued and does not present a danger to himself or others whether evaluated under Fourth or Fourteenth Amendment standard); *Aldini v. Johnson*, 609 F.3d 858 (6th Cir. 2010) ("no governmental interest in continuing to beat" detainee when reasonable officer would know threat was neutralized); *Floyd v. City of Detroit*, 518 F.3d 398, 409 (6th Cir. 2008) (unarmed and nondangerous suspect's right to be free from excessive force was clearly established).

"[G]ratuitous violence… may be excessive even if the injuries are slight," such as when force is used by an officer "not to protect [himself], other officers, or the public" but is "rather an

angry response to punish [the plaintiff]." *Bonner-Turner v. City of Ecorse*, 627 F.App'x 400, 412 (6th Cir. 2015) (involving arrestee in jail processing room), citing *Morrison v. Bd. of Trustees of Green Twp.*, 583 F.3d 394, 407-408 (6th Cir. 2009). The court found that Defendant Hobbs did not act in self-defense, in defense of others, nor to prevent destruction of property, and did not have "any of the protections that are normally given to a corrections officer in the areas of which he's allowed to normally have contact with inmates." Attachment A, Lamonte Hobbs Trial Transcript, at GB000538. She also found that Plaintiff McGovern was not resisting. *Id.*, at GB000537. These facts have all been actually and directly litigated in Defendant Hobbs' criminal case, and so they cannot be relitigated now. Defendant Hobbs' use of force was an angry response to punish the Plaintiff for his rude language, not a reasonable use of force. Using force against an inmate in this situation is objectively unreasonable.

The court found that Defendant Hobbs assaulted Timothy McGovern. *Id.*, at GB000542. When Defendant Hobbs assaulted Plaintiff McGovern, he deprived Mr. McGovern of his right to be free from the use of excessive force, in violation of the Fourth Amendment. To find otherwise would be to undermine the findings of the court in Defendant Hobbs' criminal trial. His acts cannot be both criminal acts and a reasonable use of force by a corrections officer on an inmate. Summary judgment must be granted on the Fourth Amendment claim.

## IV. CONCLUSION

The facts and issues necessary to decide the claims of battery and excessive force have already been decided by a court of competent jurisdiction. There is no genuine dispute of material facts. Summary judgment should be granted at this time against Defendant Lamonte Hobbs.

Respectfully submitted,

| | |
|---|---|
| Robert W. Bohmer (0063419)<br>RUPP, WESCHE, HAGANS, BOHMER, NEWTON & HARMON, LLP<br>302 N. Defiance Street<br>P.O. Box 178<br>Archbold, Ohio 43502<br>Phone: 419.445-8815<br>Fax: 419.445-1080<br>robert@northwestohiolaw.com | /s/ M. Caroline Hyatt<br>Alphonse A. Gerhardstein (0032053)<br>Attorney for Plaintiff<br>Jennifer L. Branch (0038893)<br>Trial Attorney for Plaintiff<br>M. Caroline Hyatt (0093323)<br>Attorney for Plaintiff<br>Gerhardstein & Branch Co. LPA<br>441 Vine Street, Suite 3400<br>Cincinnati, Ohio 45202<br>Tel (513) 621-9100<br>Fax (513) 345-5543<br>agerhardstein@gbfirm.com<br>jbranch@gbfirm.com<br>chyatt@gbfirm.com |

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1(F)

Pursuant to Local Rule 7.1(f), undersigned counsel hereby certifies that the foregoing Motion for summary judgment is fifteen (15) pages in length and within the limitations of a standard track matter.

s/ M. Caroline Hyatt
Attorney for Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify that on July 25, 2019 a copy of the foregoing pleading was filed electronically. Notice of this filing will be sent to all parties for whom counsel has entered an appearance by operation of the Court's electronic filing system. Parties may access this filing through the Court's system. I further certify that a copy of the foregoing pleading and the Notice of Electronic Filing has been served by ordinary U.S. mail upon all parties for whom counsel has not yet entered an appearance electronically.

s/ M. Caroline Hyatt
Attorney for Plaintiff