## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | | |
|---|---|---|
| Timothy McGovern, | : | Case No. 3:18-cv-2506 |
| | : | |
| Plaintiff, | : | **Judge: Jeffery J. Helmick** |
| v. | : | |
| | : | **PLAINTIFF'S REPLY IN SUPPORT** |
| Lucas County, Ohio et al., | : | **OF MOTION FOR PARTIAL** |
| | : | **SUMMARY JUDGMENT** |
| Defendants. | : | |
| | : | |

On July 25, 2019, Plaintiff filed a partial motion for summary judgment against

Defendant Hobbs. (Doc. 37). That motion is limited to those issues which can be disposed of,

on the basis of collateral estoppel, because they were actually and directly litigated and passed

upon by a court of competent jurisdiction. The facts or issues actually and directly litigated in

Defendant Hobbs' criminal trial and which cannot be relitigated here include:

- Whether Defendant Hobbs acted purposefully,

- Whether the contact was harmful or offensive, and

- Whether the Plaintiff was harmed by the contact.

As a result of those factual issues being resolved, there are two legal issues that can be

determined as a matter of law:

- Whether Defendants Hobbs' actions were objectively unreasonable, and

- Whether it was clearly established at the time of Defendant Hobbs' assault of the
  Plaintiff that his actions were objectively unreasonable.

These facts and issues resolve the battery claim against Defendant Hobbs, the excessive force

claim against Defendant Hobbs, and Defendant Hobbs' entitlement to qualified immunity. The

remaining claims, issues, and defenses are not resolved by this motion, including the claims

1

against the other Defendants, the failure to intervene claim, Defendant Hobbs' entitlement to state law immunity, and the value of the damages Plaintiff suffered.

For the reasons argued in Plaintiff's motion and here, Plaintiff's motion should be granted.

## I.  ARGUMENT

Defendant Hobbs argues that collateral estoppel is inappropriate because the issues of qualified and state law immunity were not actually litigated in the prior criminal proceeding. (Doc. 44, p. 8).  Plaintiff agrees that the immunity issues have not been litigated and are not subject to collateral estoppel.  This argument misunderstands the basis of Plaintiff's motion, which argues that the facts establishing the elements of battery are barred from being relitigated by collateral estoppel, and that as a result, the excessive force claim and qualified immunity can be resolved as a matter of law on the basis of those facts.

### A.  The Facts Establishing the Elements of Battery Under State Law Were Actually and Directly Litigated and are Barred by Collateral Estoppel from Being Relitigated

Importantly, Defendant Hobbs does not dispute that the criminal court actually and directly litigated the facts establishing the elements of battery and does not dispute that they are barred from relitigation by collateral estoppel.  (Doc. 44, 14-15).  Because Plaintiff has shown that these factual issues have been actually and directly litigated by a court of competent jurisdiction and Defendant Hobbs offers no argument contrary, this Court should find that those facts, specifically that Defendant Hobbs acted purposefully, that his contact was of a harmful or offensive nature, and that Plaintiff was harmed by the contact, are barred from being relitigated here.  As a result, the elements of the civil claim of battery are established.

Regarding the claim of battery, Defendant Hobbs argues only that he may be entitled to governmental immunity. (Doc. 44, p. 14-15). Whether he is entitled to state law immunity under O.R.C. § 2744.03 was not an issue Plaintiff raised in the motion for partial summary judgment, and would not be appropriate for summary judgment as the issues of whether Defendant Hobbs was in the scope of his employment, acted with malicious purpose, in bad faith, or in a wanton or reckless manner were not actually and directly litigated in the criminal proceedings. In the transcript, the judge does state that Defendant Hobbs acted "in the course of [his] employment," (Doc. 37-1, p. 265), but "estoppel extends only to questions 'distinctly put in issue and directly determined' in the criminal prosecution." *Emich Motors Corp. v. General Motors Corp.*, 340 U.S. 558, 569 (1951). Whether he was acting in the scope of his employment was not directly at issue because it was not an element of assault and thus it is not clear that it was "actually and directly" litigated sufficient to establish that collateral estoppel should bar relitigation.

Plaintiff agrees with Defendant Hobbs that the issues of whether Hobbs' conduct was malicious, in bad faith, wanton, or reckless were not litigated and those are not collaterally estopped from being relitigated now. (Doc. 44, p. 15). Thus, as argued in Plaintiff's motion, the elements of Plaintiff's battery claim are estopped from being relitigated but Hobbs' entitlement to state law immunity is not.

Because Defendant Hobbs purposefully caused a harmful or offensive contact with the Plaintiff, he committed a battery, and Plaintiff's motion for partial summary judgment on the claim of battery should be granted.

**B. The Facts Establishing the Elements of Excessive Force under the Fourth Amendment Were Actually and Directly Litigated and are Barred by Collateral Estoppel from Being Relitigated; No Qualified Immunity as a Matter of Law**

As a preliminary matter, this Court can easily dispose of Defendant Hobbs' argument that there can be no summary judgment on the excessive force claim because Plaintiff's complaint raised no claim based on Defendant Hobbs' personal use of force against the Plaintiff. (Doc. 44, p. 16-17). This misreads Plaintiff's complaint. Plaintiff's complaint, under the first cause of action, makes three primary allegations: that Defendant Hobbs used excessive force against the Plaintiff, (Doc. 4, ¶ 48), that Defendant Hobbs failed to intervene to stop the use of force by Defendant Grant, (Doc. 4, ¶ 49), and that Defendant Tharp and Defendant Lucas County are subject to municipal liability based on their policies, practices, and customs and based on ratification. (Doc. 4, ¶ 50).

Plaintiff's motion for partial summary judgment seeks summary judgment on the basis of the first allegation, that Defendant Hobbs used excessive force against the Plaintiff. The motion does not seek summary judgment on the basis of the second allegation, that Defendant Hobbs failed to intervene in Defendant Grant's use of force. Those facts were not actually and directly litigated in the criminal proceedings and are not subject to collateral estoppel.

"[A]n absolute due process prerequisite to the application of collateral estoppel is that the party asserting the preclusion must prove that the identical issue was actually litigated, directly determined, and essential to the judgment in the prior action." *Goodson v. McDonough Power Equip., Inc.*, 2 Ohio St.3d 193, 201 (1983). This ensures that a party will have a full and fair opportunity to litigate the claim. *Haring v. Prosise*, 462 U.S. 306, 313-314 (1983). If the party has not had such an opportunity, it would violate due process to deny that opportunity now. On this basis, Defendant Hobbs argues that liability for the excessive force claim cannot be resolved

4

on summary judgment because qualified immunity was not actually and directly litigated in the criminal proceeding.  As explained above, however, this is a misunderstanding of the argument that the facts of the assault and battery were actually and directly litigated and that those resolve the excessive force claim and qualified immunity as a matter of law.  Defendant Hobbs had a full and fair opportunity to litigate the issues decided by the criminal court, and he does not dispute that that includes the issues of whether Defendant Hobbs acted purposefully, whether the contact was harmful or offensive, and whether Plaintiff was harmed by the contact.  Thus, there is no basis to bar the application of collateral estoppel to those issues.

The relevant question then, is whether the established facts are sufficient to conclude, under clearly established law as of the date of the battery, that Defendant Hobbs' actions were objectively unreasonable.  If so, both the question of excessive force and the question of qualified immunity should be resolved against Defendant Hobbs.  It was clearly established on November 10, 2017, that a use of force is unreasonable when the defendant "us[es] gratuitous violence against an individual who poses no threat to the office[r] or anyone else." *Crawford v. Geiger*, 656 F.App'x. 190, 204 (6th Cir. 2016) (internal citations omitted) (applying *Kingsley* to excessive force claim, court denied qualified immunity to sergeant who shoved arrestee who was not resisting).  The Sixth Circuit has consistently found that the use of force against unarmed persons who pose no threat is objectively unreasonable.  See *Baker v. City of Hamilton, Ohio*, 471 F.3d 601, 608 (6th Cir. 2006) (use of force unwarranted where "unarmed," "compliant" individual was "not a significant threat" because "[c]ases in this circuit clearly establish the right of people who pose no safety risk… to be free from gratuitous violence"), citing *Shreve v. Jessamine County Fiscal Court*, 453 F.3d 681, 688 (6th Cir. 2006); *Lustig v. Mondeau*, 211 F.App'x. 364, 371 (6th Cir. 2006) (use of force against plaintiff who "posed no threat to safety,

did not attempt to flee, offered at most passive resistance… and was already under the officers' physical control" was objectively unreasonable); *Lawler v. City of Taylor*, 268 F.App'x. 384, 386-388 (6th Cir. 2008) (arrestee tackled during booking after calling officer a "pussy" had clearly established right to be free from use of force where there is no perceived threat); *Harris v. City of Circleville*, 583 F.3d 356, 367 (6th Cir. 2009) (clearly established right precluding the use of violent physical force against someone who has been subdued and does not present a danger to himself or others whether evaluated under Fourth or Fourteenth Amendment standard); *Aldini v. Johnson*, 609 F.3d 858 (6th Cir. 2010) ("no governmental interest in continuing to beat" detainee when reasonable officer would know threat was neutralized); *Floyd v. City of Detroit*, 518 F.3d 398, 409 (6th Cir. 2008) (unarmed and nondangerous suspect's right to be free from excessive force was clearly established). In *Lee v. City of Norwalk, Ohio*, 529 Fed.App'x. 778, 783 (6th Cir.2013), the court found that the video of the incident "makes clear that [the defendant] had a reasonable basis to believe that [the plaintiff] posed a sufficient threat that force was necessary to subdue her." In this case, on the other hand, the criminal court determined that Defendant Hobbs did not act in self-defense, in defense of others, nor to prevent destruction of property, and did not have "any of the protections that are normally given to a corrections officer in the areas of which he's allowed to normally have contact with inmates." (Doc. 37-1, p. 267). The criminal court also found that Plaintiff McGovern was not resisting. (Doc. 37-1, p. 266). The Sixth District Court of Appeals did not disturb any of the factual or legal findings of the trial court. (Doc. 44-1). There is thus a finding by a court of competent jurisdiction that there was no threat to justify a use of force in this case.

Similarly, in *Hanson v. Madison County Detention Center*, 736 Fed.App'x. 521, 531-532 (6th Cir. 2018), force was required to "preserve internal order and discipline." While the court

considered the "verbal hostility" of the plaintiff, the use of force is not justified by verbal hostility alone, rather it must constitute active resistance. *Id*. at 531. As explained in *Hanson*, "simply mouthing off does not fit within the type of verbal hostility that qualifies as active resistance." *Id*. at 547.

Defendant Hobbs argues that the Plaintiff presented a threat to "the tank's stability," but this is contrary to the criminal court's finding that his acts did not have any penological justification. (Doc. 44, p. 13). Additionally, Defendant Hobbs seeks to cast the Plaintiff as resisting, but the criminal court already determined that he was not resisting. (Doc. 44, p. 13). Finally, Defendant Hobbs wants to take Plaintiff's conduct earlier in the evening into account to justify his use of force. (Doc. 44. P. 13). While excessive force uses a totality of the circumstances standard, Defendant Hobbs has cited to no comparable case where acts that concluded hours before the use of force were sufficient to justify an otherwise unjustified act of force. (Doc. 44, p. 13).

Lastly, Defendant Hobbs argues that the excessive force claim cannot be decided on the basis of the established facts because the criminal court did not have to weigh the severity of the injury in determining that Defendant Hobbs assaulted the Plaintiff. (Doc. 44, p. 13-14). In the criminal trial, all the court had to determine was whether the contact was "harmful or offensive" and whether the harmful contact resulted. However, while the amount of force will usually be judged relative to the level of threat presented by the plaintiff, such an analysis is not necessary here, because no force was justified. Defendant Hobbs cites to no authority in support of his assertion that the force he used or the extent of injury he caused was justified. (Doc. 44, p. 13-14). Because it was clearly established on November 10, 2017 that it was objectively

unreasonable to use force against someone who was unarmed and posed no threat, Plaintiff's motion for summary judgment against Defendant Hobbs for excessive force should be granted.

## II. CONCLUSION

For the reasons given in Plaintiff's motion for partial summary judgment and above, Plaintiff respectfully requests that this Court grant partial summary judgment against Defendant Hobbs on the battery and excessive force claims and regarding Defendant Hobbs' entitlement to qualified immunity.

Respectfully submitted,

/s/ M. Caroline Hyatt
Alphonse A. Gerhardstein (0032053)
Attorney for Plaintiff
Jennifer L. Branch (0038893)
Trial Attorney for Plaintiff
M. Caroline Hyatt (0093323)
Attorney for Plaintiff
Gerhardstein & Branch Co. LPA
441 Vine Street, Suite 3400
Cincinnati, Ohio 45202
Tel (513) 621-9100
Fax (513) 345-5543
agerhardstein@gbfirm.com
jbranch@gbfirm.com
chyatt@gbfirm.com

## CERTIFICATE OF SERVICE

I hereby certify that on March 16, 2020, a copy of the foregoing pleading was filed electronically. Notice of this filing will be sent to all parties for whom counsel has entered an appearance by operation of the Court's electronic filing system. Parties may access this filing through the Court's system. I further certify that a copy of the foregoing pleading and the Notice

of Electronic Filing has been served by ordinary U.S. mail upon all parties for whom counsel has

not yet entered an appearance electronically.

<u>s/ M. Caroline Hyatt</u>
Attorney for Plaintiff